UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MALIK JUSTIN, | Case No. 25-cv-03787-LJC |
|---|---|
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE WHY APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED AND COMPLAINT SHOULD NOT BE DISMISSED** |
| DONALD TRUMP JR., | |
| Defendant. | |
| | Re: Dkt. Nos. 1, 2 |

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

Pro se Plaintiff Malik Justin applied to proceed in forma pauperis. ECF No. 2. Justin responded "No" to every question that he answered on his application form, indicating that he has no assets or income of any kind. Justin failed to complete question 1 and did not respond to questions 8 through 10. *Id.* at 2, 3-4. Justin's application is therefore incomplete, and taken as a whole, it does not include sufficient information to determine whether the answers that he actually provided are credible. Justin is therefore ORDERED TO SHOW CAUSE why his application to proceed in forma pauperis should not be denied, by filing a response no later than May 28, 2025 answering each question on the form application and—if he truly has no assets or income at all—explaining how he meets basic needs.

## II. SUFFICIENCY OF COMPLAINT

If the Court were to grant Justin's application to proceed in forma pauperis, it would next need to review the complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether the complaint states a claim on which relief may be granted.

When the complaint has been filed by a pro se plaintiff, a court must "construe the

1  pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627
2  F.3d 338, 342 (9th Cir. 2010) (citation omitted).  But "[t]hreadbare recitals of the elements of a
3  cause of action . . . do not suffice," and a court need not credit "legal conclusions" or "mere
4  conclusory statements."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  The factual
5  allegations in the complaint "must be enough to raise a right to relief above the speculative level."
6  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must demonstrate "facial
7  plausibility" by pleading "factual content that allows the court to draw the reasonable inference
8  that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  In other words,
9  the Complaint needs to include *facts*, not just the type of legal claim the plaintiff asserts.

10  Justin alleges that Defendant Donald Trump, Jr., violated 18 U.S.C. § 2261A (stalking) and
11  35 U.S.C. § 271 (patent infringement).  ECF No. 1 (Compl) at 5.  His claims, in their entirety,
12  read: "Infriment patented invention make uses offers to sells illegally without permission plus his
13  threating to kill and injure along with harass."  *Id.*  His complaint includes no statement of facts.
14  *See id.* at 3.

15  Justin's stalking claim fails for two reasons.  First, 18 U.S.C. § 2261A criminalizes
16  stalking under certain circumstances, but criminal laws in Title 18 of the U.S. Code generally can
17  only be enforced by the federal government, not by individual civil plaintiffs.  *See McIntosh v.*
18  *Thomaz*, No. 19-cv-00800-JCS, 2019 WL 3363792, at *2 (N.D. Cal. May 14, 2019),
19  *recommendation adopted*, 2019 WL 3804671 (N.D. Cal. Aug. 13, 2019).  This particular statute is
20  no exception: "Case law is . . . unanimous that no private right of action is available under
21  § 2261A."  *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d
22  328, 335 (S.D.N.Y. 2016).  Second, Justin includes no factual allegations beyond his conclusory
23  statement that Defendant is "threating to kill and injure along with harass."  Compl. at 5.  If Justin
24  wishes to proceed with his claim that Defendant threatened or harassed him, he must identify the
25  law he is suing under, the law must allow for private causes of action, and he must allege facts in
26  support of his claim, including (but not necessarily limited to) when Defendant threatened or
27  harassed him and what the harassment entailed.
28  Justin's patent infringement claim fails because it is similarly unsupported by factual

allegations that would entitle him to relief. If Justin wishes to proceed with this case, he must file an amended complaint that states the facts of his claim, including (but not necessarily limited to) what if any patent Justin owns, and what he believes Defendant did to infringe upon that patent.

Justin is therefore ORDERED TO SHOW CAUSE why, if his application to proceed in forma pauperis is granted, his Complaint should not be dismissed for failure to state a claim on which relief may be granted, by filing a response or amended complaint no later than May 28, 2025.

### III. CONCLUSION

Justin must file no later than May 28, 2025: (1) a response answering the missing questions on his application to proceed in forma pauperis and explaining how he meets basic needs; and (2) either an amended complaint stating the facts supporting his claims, or a response arguing why his current Complaint is sufficient. An amended complaint would completely replace Justin's current Complaint, and therefore must include all of the facts that he would like to allege and claims he would like to pursue, without reference to the current Complaint.

If Justin's response does not correct the defects identified in this Order, the undersigned magistrate judge will recommend either denial of his application to proceed in forma pauperis or dismissal of his Complaint. If Justin does not respond at all, the undersigned may recommend dismissal of the case for failure to prosecute.

**IT IS SO ORDERED.**

Dated: May 7, 2025

LISA J. CISNEROS
United States Magistrate Judge